

225 BROADWAY
SUITE 715
NEW YORK, NY 10007
T: 212 323 6922
F: 212 323 6923

August 3, 2021

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   United States of America v. Davon Hawkins
      21 Cr. 414 (KPF)

Dear Judge Failla:

  I am the attorney for the defendant in the above-referenced matter, having been appointed pursuant to the provisions of the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. On July 7, 2021, Mr. Hawkins was presented before the Honorable James L. Cott. At that time, Judge Cott released Mr. Hawkins pursuant to the following set of conditions: a $100,000.00 personal recognizance bond signed by two financially responsible persons and to be secured by a Pennsylvania property owned by the defendant's mother; a travel restriction that limited travel to the Southern and Eastern Districts of New York; a surrender of travel documents; Pretrial supervision; drug testing and treatment; home detention with location monitoring technology; and continued employment. In addition, as part of the conditions of release, Mr. Hawkins was not allowed to possess a firearm or other weapon and he was required to refrain from excessive alcohol consumption. Mr. Hawkins' mother has not been willing to allow the use of her property to secure Mr. Hawkins bond. Another relative who owned property is not able to use her property because her home is in forbearance as she cannot maintain her payments due to a loss of income after the COVID-19 pandemic. I am writing to respectfully request that the Court consider removing the condition requiring Mr. Hawkins to obtain a property that could be used to secure his bond.

  It is important to note that Mr. Hawkins has complied with all of the other conditions of release. On the date of his arrest, Mr. Hawkins' employer requested that he

be allowed to continue to work as a plumber/ pipe layer.  Mr. Hawkins has continued his employment in addition to complying with all of the other conditions of release.  At the time of his release, Mr. Hawkins genuinely believed that his mother would allow the use of one of her Pennsylvania properties to secure his bond.  Mr. Hawkins then contacted another relative who owned property, but she was not able to provide her property as she was in forbearance.  It is important to note that under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., a court generally "must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance when required and the safety of the community." *United States v. Madoff*, 586 F. Supp. 2d 240, 246 (S.D.N.Y. 2009); 18 U.S.C. § 3142(c)(1)(B).  Significantly, in enacting the Bail Reform Act, Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) *cert. dismissed* 479 U.S. 978, 107 S.Ct. 562 (1986).  Accordingly, the Supreme Court has observed that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755.

      I have conferred with the Government.  The Government takes no position as to this request.  For the reasons set forth in this letter, the defense respectfully requests that the Court remove the condition of release that requires Mr. Hawkins to obtain a property with which to secure his bond.

Respectfully submitted,

/s/

Calvin H. Scholar

cc:    AUSA Thomas Wright,    by ECF